# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBROY REICHERT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00240-GZS |
| | ) | |
| HAROLD ABBOTT, JR., et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER
## REVIEW OF PLAINTIFF'S COMPLAINT

In this action, Plaintiff, an inmate in the custody of the Maine Department of Corrections at the Maine State Prison, seeks to recover damages allegedly resulting from Defendant's management of an issue that arose during an education class in which Plaintiff was enrolled. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the Plaintiff's complaint, I recommend the Court dismiss the matter.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## FACTUAL BACKGROUND[1]

Plaintiff alleges that on November 7, 2017, he experienced what he described as a mental breakdown while in an education class taught by Defendant Jennifer Jenkins. (Complaint at 3.) According to Plaintiff, on December 1, 2017, he was prescribed "stronger" medication for anxiety, stress, depression and post-traumatic stress disorder he experienced after he was accused of stalking Defendant Jenkins. (*Id.*) Plaintiff asserts he subsequently filed a grievance to which he received no formal response.

Plaintiff seeks to recover for defamation and the violation of his Eighth Amendment rights. (*Id.*) Plaintiff asks for damages and injunctive relief.

---

[1] The facts are derived from Plaintiff's complaint.

**A. Eighth Amendment Claim**

Plaintiff evidently contends that in response to his mental health incident in November 2017, Defendants accused him of stalking Defendant Jenkins, which allegation exacerbated his mental health condition and required "stronger" medication. The federal civil rights statute, 42 U.S.C. § 1983, states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013). Section 1983 does not confer any substantive rights, but simply provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 31 (1993). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by

the Eighth Amendment." *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014), *cert. denied*, 135 S.Ct. 2059 (2015) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Under the Eighth Amendment, prison conditions cannot be inhumane, but they need not be comfortable. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

To state an actionable claim, Plaintiff's allegations would have to support a plausible inference that the conduct of a defendant demonstrated deliberate indifference toward a prison condition that posed a substantial risk of serious harm, *Burrell v. Hampshire Cty.,* 307 F.3d 1, 7 (1st Cir. 2002), or that the conduct was otherwise "repugnant to the conscience of mankind." *Estelle,* 429 U.S. at 105. Here, Plaintiff apparently alleges that Defendants unfairly accused him of stalking Defendant Jenkins, but he offers no facts that would support a finding that Defendants acted with deliberate indifference. Plaintiff, therefore, has not asserted a claim for which he could recover for an Eighth Amendment violation.

### B. Grievance Procedure

To the extent Plaintiff attempts to assert a claim based on his concerns about the quality of the grievance procedure, a prisoner does not have a constitutional right to a particular prison grievance procedure, or even to file a prison grievance; rather, the Due Process Clause entitles prisoners to predeprivation process whenever the state subjects them to an "atypical and significant hardship … in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Fla. Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Brown,* 58 F. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy,* 30 F. App'x 568, 569 – 70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure.").  Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, Plaintiff has not and cannot assert an actionable federal claim based on Defendants' administration of the grievance process.

### C. Defamation

To state a claim for defamation, a plaintiff must sufficiently allege:

(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

*Lester v. Powers,* 596 A.2d 65, 69 (Me.1991) (quoting Restatement (Second) of Torts § 558).

Although the elements of a defamation claim are determined by state law, "[t]he sufficiency of the pleadings in a defamation case in federal court is governed by federal rules." *Veilleux v. Nat'l Broad. Co.*, 8 F. Supp. 2d 23, 35 (D. Me. 1998); *DeSalle v. Key Bank of S. Maine*, 685 F. Supp. 282, 283 (D. Me. 1988). "Defamation claims are not subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b); instead, they must be pled in accordance with 'the more relaxed pleading requirements' of Federal Rule of Civil Procedure 8, 'which requires only that the plaintiff's charges be set forth in a short and concise statement." *Hawkins v. Kiely*, 250 F.R.D. 73, 74 (D. Me. 2008) (quoting *Bishop v. Costa,* 495 F. Supp. 2d 139, 140 – 41 (D. Me. 2007)).

Nevertheless, to enable a defendant to respond effectively to the complaint, a short and concise statement must consist of more than the assertion that a false and defamatory statement was made. *Id.* at 74-75; *Bishop*, 495 F. Supp. 2d at 140 – 141. Federal courts, therefore, require plaintiffs to assert the substance of the allegedly defamatory statements and the context of the publication. *Hawkins*, 250 F.R.D. at 75; *Bishop*, 495 F. Supp. 2d at 141; *Veilleux*, 8 F. Supp. 2d at 35.

In this case, Plaintiff has asserted that he seeks to recover for "defamation of character," but he has not identified a specific statement he contends is defamatory. (Complaint at 3.) To the extent Plaintiff contends the accusation that he was stalking Defendant Jenkins is defamatory, he has not alleged any facts from which one could discern

the context of the publication. Plaintiff, therefore, has not asserted sufficient facts to support an actionable claim for defamation.

Even if Plaintiff has asserted sufficient facts to support a defamation claim, because defamation is a state law claim and because Plaintiff has not asserted a federal claim, the Court should not exercise supplemental jurisdiction over Plaintiff's state law defamation claim and should dismiss the matter on jurisdictional grounds. 28 U.S.C § 1367(a), (c); *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 7 (1st Cir. 2007) (dismissal of state law claims upon declination of supplemental jurisdiction is without prejudice).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated the 9th day of July, 2019.