# United States Court of Appeals
## For the First Circuit

No. 19-1876

ROBROY REICHERT,

Plaintiff - Appellant,

v.

HAROLD D. ABBOTT, JR.; JENNIFER JENKINS; MATTHEW MAGNUSSON; RANDALL LIBERTY, Warden,

Defendants - Appellees.

Before

Torruella, Lynch and Kayatta,
Circuit Judges.

**JUDGMENT**

Entered: June 8, 2020

    Robroy Reichert appeals from the screening dismissal of his pro se complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. After careful review of the record and Reichert's filings on appeal, we affirm, having concluded that the complaint failed to state plausible claims upon which relief could be granted.

    The complaint failed to state a due process claim because the existence of a prison grievance procedure confers no liberty interest in a prisoner's access to that procedure. See, e.g., Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (collecting cases); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (same).

    The complaint failed to state an Eighth Amendment claim because verbal abuse or harassment has not been found to violate the Eighth Amendment. See DeWalt, 224 F.3d at 612 (collecting cases); McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (same). Likewise, "discourtesies, . . . and false charges on petty matters . . . [do] not amount to an Eighth Amendment violation." Skinner v. Cunningham, 430 F.3d 483, 489 (1st Cir. 2005) (citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)). Moreover, the complaint failed to state facts that, if proven, would establish that prison administrators were deliberately indifferent to Reichert's serious mental health needs.

The complaint failed to state a plausible defamation claim under Maine law because the complaint is devoid of facts stating when the alleged defamatory statement was made, to whom it was made, and the context in which it was made.

Affirmed. See 1st Cir. R. 27.0(c). The motion for appointment of counsel is denied.

By the Court:

Maria R. Hamilton, Clerk

cc:
Robroy Reichert
Aaron M. Frey